# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HERSHEL STANLEY,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 11-C-0432

ROBERTA ROALKBAN
Senior Field Director Social Security
Administration,

        Defendant.

## ORDER

Plaintiff, who is confined at the Wisconsin Resource Center (WRC) under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980, has filed an action under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA) claiming that the Social Security Administration has wrongfully withheld copies of certain documents that he made a FOIA request for.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. And because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act (PLRA), which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court

action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. He states that he has no assets. Accordingly, the motion to proceed IFP will be granted and the entire filing fee will be waived.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

Plaintiff alleges that on January 19, 2011 he filed a Freedom of Information Act request for copies of fifty two Social Security documents stemming from his 1987 denial of Social Security Disability benefits. (Compl. at 3.) He claims he wrote follow up letters to the director of the Oshkosh Social Security Administration on February 17, 2011 and March 23, 2011 but has not yet received a satisfactory response. Plaintiff has apparently not received copies of the specific

documents he seeks. Nor, apparently, has he received any explanation of why such documents cannot or will not be produced. Essentially Plaintiff alleges that Defendant has wrongfully withheld the documents he has requested.

In general a FOIA request must be directed to an executive branch agency in accordance with the agency's FOIA regulations. An agency's obligation to produce responsive records is triggered by its receipt of a request that "(i) reasonably describes such records and (ii) is made in accordance with published rules[.]" 5 U.S.C. § 552(a) (3)(A). Here plaintiff's attached documents tend to show that he submitted a FOIA request to the Social Security Administration. Therefore this Court has jurisdiction to entertain his FOIA claim. *See* 5 U.S.C. § 552(a)(4)(B) (creating federal court jurisdiction over claims arising from the improper withholding of agency records); *McGehee v. CIA,* 697 F.2d 1095, 1105 (D.C.Cir.1983) (federal jurisdiction under the FOIA "is dependent upon a showing that an agency" improperly withheld agency records) (*quoting Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980)) (internal quotation marks omitted).

As a general rule, a FOIA requester must exhaust his administrative remedies before filing a lawsuit. *See Oglesby v. Dep't of the Army,* 920 F.2d 57, 65 (D.C.Cir.1990). Here Plaintiff has made a FOIA request and has allowed the Social Security Administration over twenty days to respond to his request. *See* 5 U.S.C. § 552 a(b)(A)(ii) (stating that the agency "upon any request for records made . . shall determine within 20 days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination"). While it remains unclear whether the Social Security Administration still has copies of every exhibit from a 1987 hearing, Plaintiff appears to have complied with the procedural requirements to at least make such a FOIA request and is, therefore, entitled to some response from the Social

3

Security Administration. I accept, for purposes of screening, Plaintiff's allegation that he "never received any response" (Compl. at 3) from the Social Security Administration. Thus, because plaintiff has set forth a cognizable federal claim, the case will proceed.

**THEREFORE IT IS ORDERED** that the motion to proceed *in forma pauperis* is **GRANTED**, meaning the filing fee is waived.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4(c)(3). Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address.

Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

**SO ORDERED** this 5th day of May, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge